# IN THE MATTER OF HART & COMPANY, LIMITED, BANKRUPT.

## October 13, 1906.

*Compensation of trustee conducting bankrupt estate as a going concern:*  The words of section 2, division 5, bankrupt act, allowing trustees ''additional compensation'' for such service, do not authorize the allowance of other compensation than the fee and commissions provided for compensation of trustees in section 48a of such act. The ''additional compensation'' for conducting the bankrupt business as a going concern is realized by the allowance of commissions on the disbursements made in such conduct of the bankrupt business as well as on other disbursements.

*Expenses necessarily incurred by trustee:*  Motion for approval of additional expenses incurred by trustee allowed, such expenses being satisfactorily shown to be ''necessarily incurred'' by the trustee in the performance of his duties.  Gen. Order 35, sect. 3.

*Involuntary Bankruptcy*:  Motion to fix trustee's compensation and for approval of additional expenditures.

*Thayer & Hemenway,* Attorneys for Petitioners.
*Antone Perry,* Attorney for Trustee.

DOLE, J.   The court, on the 14th of April, 1906, upon the petition of the trustee of this estate, made a temporary order authorizing such trustee to continue and conduct the business of the bankrupt as a going concern until the further order of the court, and afterwards, on the 30th day of April, it was ordered that the trustee continue to conduct the said business for the further period of two months with leave to move for an extension of time under circumstances which would seem to require the same, and authorized the trustee to employ assistants at specified rates and to make purchases of material for carrying on such business under certain conditions and to make monthly reports to the court of the condition of the estate, showing the value of stock on hand, gross sales and expenses for the month, and the trustee was limited to monthly expenses

of $4,000 exclusive of the compensation of the trustee. The trustee, after further extension of time, obtained from the court an order for the sale of the bankrupt property and thereupon sold the whole of the same at auction and now comes in and asks that it be allowed as compensation for its ordinary services as such trustee the sum of $122.80 and as additional compensation for its services in so conducting said business the sum of $253.70.

This distinction between compensation for ordinary services and for additional services is a mistake which has often been made in bankruptcy proceedings; the vague character of the words used in the act on the subject being somewhat misleading.

The act provides in section 2, division 5, that courts of bankruptcy may "authorize the business of bankrupts to be conducted for limited periods by receivers, the marshals, or trustees, if necessary in the best interests of the estates, and allow such officers additional compensation for such services, but not at a greater rate than in this act allowed trustees for similar services." Section 48a provides for the compensation of trustees as follows: "Trustees shall receive for their services, payable after they are rendered, a fee of five dollars deposited with the clerk at the time the petition is filed in each case, except when a fee is not required from a voluntary bankrupt, and from estates which they have administered, such commissions on all moneys disbursed by them as may be allowed by the courts, not to exceed six per centum on the first five hundred dollars or less, four per centum on moneys in excess of five hundred dollars and less than fifteen hundred dollars, two per centum on moneys in excess of fifteen hundred dollars and less than ten thousand dollars, and one per centum on moneys in excess of ten thousand dollars."

In spite of the words "additional compensation" in the first quotation, this last provision limits compensation to the fee and the commissions mentioned on all moneys disbursed by them as may be allowed by the court. Section 72 of the bankruptcy act expressly forbids any further allowance to the trus-

tees than that expressly authorized in the act. I therefore exclude the theory of ordinary services and extra services in this case as relating to two different classes of compensation. "Additional compensation" can only be construed in relation to the fact that where a trustee is authorized to conduct the bankrupt business as a going concern he thereby receives extra compensation because he receives commissions on all moneys disbursed by him in the conduct of such going concern, which includes moneys paid out for salaries and material necessary to the conduct of such business. This was not allowed to trustees previous to the amendment of February 5th, 1903 (32 Stat. L., part 1, chap. 487, p. 797), the trustees then being only allowed commissions on sums paid out as dividends and commissions. It therefore appears that Congress, in the amendment referred to, by allowing commissions on all moneys disbursed, intended to provide additional compensation to a trustee for conducting the bankrupt business as a going concern.

The pay of the trustee, therefore, in this case, is limited to the commissions mentioned on the total amount of money which it disburses, as shown by its accounts of its administration, and is referred to the clerk for computation, such compensation to be paid after the services of the trustee are fully rendered.

The motion for approval of additional expenditures incurred in the engagement of an extra employe to perform clerical and other services at an expense of $40 a month for three months, amounting to $120, is allowed, as that expenditure is satisfactorily shown to be "expenses necessarily incurred" in the performance of the trustee's duties under the authority of General Order No. 35, section 3.